IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-07,729-07






EX PARTE EROY EDWARD BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. C-1-008262-0011406-B 


IN THE CRIMINAL DISTRICT COURT NO. 1 FROM TARRANT COUNTY





 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). In 1977, Applicant was convicted of aggravated robbery and
sentenced to twelve years' imprisonment. In 1985, his parole was revoked pursuant to a new conviction. 
Applicant is currently confined in federal prison on a 1985 state court conviction for robbery in which he
was sentenced to ninety years' imprisonment.

 Applicant contends that in 2005, the Texas Department of Criminal Justice ("TDCJ") lodged a
detainer pursuant to the 1977 conviction with the Federal Bureau of Prisons. He alleges that the TDCJ
detainer is improper because he discharged the 1977 conviction before the detainer was lodged. He further
contends that as a result of the detainer he has been unable to improve his time earning status, he has been
denied educational and rehabilitative opportunities, and he has been denied good time credit that would
have been awarded, but for the detainer.

 Applicant has alleged facts that, if true, might entitle him to relief. See Ex parte Geiken, 28
S.W.3d 553 (Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held
in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate
forum for findings of fact. The trial court may use any means set out in Tex. Code Crim. Proc. art. 11.07,
§ 3(d). 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04.

 The trial court shall make findings of fact as to the discharge date of the 1977 conviction and as to
the date the TDCJ detainer was lodged with the Federal Bureau of Prisons. The trial court shall make
findings as to whether Applicant's federal prison record includes a TDCJ detainer lodged in 2005 pursuant
to this conviction, and if so, whether the detainer was properly lodged. If the detainer was not properly
lodged, the trial court shall make findings as to whether the Federal Bureau of Prisons and TDCJ have
corrected Applicant's records. The trial court shall also make any other findings of fact and conclusions
of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus
relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 

Filed: January 16, 2008

Do not publish